UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WILLIAM WILLIS, # 420876,

        Plaintiff,

v.

ALMY MOORE, et al.,

        Defendants.

Case No. 1:17-cv-67

Honorable Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement at the Carson City Correctional Facility. The defendants are Corrections Officers Almy Moore and Christopher Ebnit. Plaintiff alleges that defendants violated his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause.[1] Plaintiff seeks declaratory and injunctive relief and an award of damages.

The matter is before the Court on defendants' motion for summary judgment.[2] (ECF No. 23). Plaintiff did not file a response to defendants' motion.[3] For the

---

[1] Although plaintiff divided his complaint into two separate counts labeled as deliberate indifference and cruel and unusual punishment (ECF No. 1, PageID.4-6), they are essentially the same claims based on an alleged three-hour delay in receiving medical treatment.
[2] This is defendants' second motion for summary judgment. The first was dismissed due to deficiencies in the procedural posture of the motion. (*See* Order, ECF No. 22).
[3] Plaintiff also failed to respond to the first motion for summary judgment, after having obtained an enlargement of time to file his response. (*See* Order, ECF No. 21).

reasons stated herein, I recommend that defendants' motion be granted and that judgment be entered in their favor on all plaintiff's claims.

## Applicable Standards

A.  Summary Judgment

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const.*, LLC, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*,

398 F.3d 751, 761 (6th Cir. 2005).   Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.   *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001 (6th Cir. 2017).   The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.   *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).   "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'"   *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

      B.     <u>Qualified Immunity</u>

Defendants argue that they are entitled to summary judgment on the basis of qualified immunity.   "Once [an] official[ ] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.'"   *LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)); *see Hermansen v. Thompson*, 678 F. App'x 321, 325 (6th Cir. 2017).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015); *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. At the summary judgment stage, "the plaintiff must, at a minimum, offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which a jury could reasonably find for the plaintiff.' " *Thompson v. City of Lebanon, Tenn.*,

831 F.3d 366, 370 (6th Cir. 2016); *see Gardner v. Evans*, 811 F.3d 844, 846 (6th Cir. 2016).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted. . . . Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The dispositive question is whether the violative nature of the particular conduct is clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted). Qualified immunity is an immunity from suit rather than a mere defense to liability. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198 (quoting

*Saucier v. Katz*, 533 U.S. at 201); *see White v. Pauly*, 137 S. Ct. 548, 552 (2017). Moreover, courts are "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. at 2023 (citations and quotations omitted); *see White v. Pauly*, 137 S. Ct. at 552.

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.'" *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Shreve v. Franklin County, Ohio*, 743 F.3d 126, 134 (6th Cir. 2014); *T. S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014). The burden applies to each claim. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

C.   Preliminary Matters

Plaintiff's complaint is not properly verified, as he has interjected the limitations that the allegations are made on information and belief. (*See* ECF No. 1 at PageID.6). "[S]tatements made on belief or on information and belief, cannot be utilized on a summary-judgment motion." *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (citation and quotation omitted). Accordingly, plaintiff's complaint will not be considered as his affidavit in opposition to defendants' motion. *See Simmons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at *1 (W.D. Mich. Mar. 30, 2017) (collecting cases).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. On August 4, 2016, plaintiff was an inmate in the custody of the Michigan Department of Corrections at the Carson City Correctional Facility. On that date, plaintiff informed Corrections Officers Almy Moore and Christopher Ebnit that his right ankle was swollen. (Plf. Dep. at 10-12, ECF No. 24-1, PageID.102). Plaintiff was not limping when he walked and he did not mention any pain or discomfort in his leg, hip or back. Plaintiff was advised to fill out a health care kite. (Moore Aff. ¶¶ 1-4, ECF No. 24-2, PageID.107-08; Ebnit Aff. ¶¶ 1-4, ECF No. 24-3, PageID.110-11). Officers Moore and Ebnit had no direct involvement in plaintiff's healthcare. (Moore Aff. ¶ 5, ECF No. 24-2, PageID.108; Ebnit Aff. ¶ 5, ECF No. 24-3, PageID.111).

On the night of August 4, 2016, plaintiff was transported to the hospital. (Plf. Dep. at 10, ECF No. 24-1, PageID.102). He was diagnosed as having degenerative joint disease. (*Id.* at 25-26, PageID.104-05).

On January 20, 2017, plaintiff filed this lawsuit.

**Discussion**

**I.    Eighth Amendment**

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed

by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, No. 17-2166, __ F.3d __, 2018 WL 3150944, at *9 (6th Cir. June 28, 2018). No reasonable trier of fact could find in plaintiff's favor on either component of Eighth Amendment claims against defendants.

"The objective component requires a plaintiff to prove that the alleged deprivation of medical care was serious enough to violate the Eighth Amendment." *Id.* at *10. Plaintiff claims that the treatment he received was inadequate or unreasonably delayed. Thus, he was required to "present enough evidence for a

factfinder to evaluate the adequacy of the treatment provided and the severity of the harm caused by the allegedly inadequate treatment" and " 'medical proof that the provided treatment was not an adequate medical treatment of [the inmate's] condition or pain.' " *Id.* (quoting *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013). "The plaintiff also must place verifying medical evidence in the record to establish the detrimental effect of the inadequate treatment." *Rhinehart v. Scutt*, 2018 WL 3150944, at *10 (citation and quotation omitted). Plaintiff did not present medical evidence in support of his claims against defendants.

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837. The subjective component presents "a high bar that a plaintiff must clear to prove an Eighth Amendment medical-needs claim[.]" *Rhinehart v. Scutt*, 2018 WL 3150944, at *11.

The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause

for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

When faced with defendants' well-supported motion, plaintiff was required to come forward with evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d at 1478. Plaintiff elected to ignore rather than engage the evidence defendants presented. Plaintiff did not present evidence sufficient to support either component of an Eighth Amendment claim for deliberate indifference to serious medical needs. On the objective component, plaintiff did not present evidence that the alleged deprivation of medical care was serious enough to violate the Eighth Amendment. Plaintiff admitted that he did not have a blood clot and his concern that he could have had one (Plf. Dep. at 25-26) does not suffice. Plaintiff not present verifying medical evidence establishing the detrimental effect of a three- hour delay in receiving treatment for his degenerative joint disease. On the subjective component, plaintiff did not evidence that defendants knew of and disregarded an excessive risk to his health or safety. *See Rhinehart v. Scutt*, 2018 WL 3150944, at *10-11. I find that defendants are entitled to judgment in their favor as a matter of law on all plaintiff's claims.

## II. Qualified Immunity

Defendants are also entitled to summary judgment on plaintiff's claims for damages against them in their individual capacities on the basis of qualified immunity. Plaintiff has not presented evidence sufficient to satisfy the first prong

of the qualified immunity analysis on those claims for the reasons stated in the previous section.

The second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198. It was plaintiff's burden to convince the Court that the law was clearly established when defendants acted August 4, 2016. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015). Plaintiff made no attempt to shoulder, much less carry his burden. Plaintiff did not satisfy his burden by ignoring it. *See Sabin v. Karber*, No. 1:14-cv-296, 2017 WL 4160950, at *12 (W.D. Mich. Sept. 20, 2017).

## **Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion for summary judgment (ECF No. 23) be granted and that judgment be entered in defendants' favor on all plaintiff's claims.

Dated:   July 13, 2018              /s/   Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).